**Reversed and remanded and Plurality, Concurring, and Dissenting Opinions filed January 24, 2013.**



**In the**

# Fourteenth Court of Appeals

### NO. 14-11-01074-CV

## KEN HOAGLAND, Appellant

### V.

## BILL BUTCHER, KARI BUTCHER, BUTCHER & BUTCHER, AND OCTV PARTNERS, LLC, Appellees

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-58144**

## D I S S E N T I N G   O P I N I O N

The plurality opinion concludes that the Butchers and OCTV failed to properly negate every ground for personal jurisdiction alleged in Hoagland's petition and that, therefore, the burden did not shift to Hoagland to prove his jurisdictional facts. Plurality Opinion at 9-12. It, as well as the concurring opinion, rejects all of appellees' affidavits as conclusory. I respectfully disagree.

First, I disagree with this holding because it was not briefed by Hoagland. Hoagland did not argue or brief that the Butchers' affidavits were conclusory, nor

that we should reject the OCTV affidavit because it did not provide the underlying facts to support its conclusions.

Second, I do not agree that the Butchers' affidavits are so conclusory that they did not shift the burden to Hoagland to prove his jurisdictional facts. The plurality opinion concludes Hoagland's pleading—that each appellee made written and oral misrepresentations of material fact to Hoagland in Harris County—is a sufficient pleading of jurisdictional facts,[1] yet it rejects as conclusory the Butchers' statements that they did not make any representations to Hoagland in Texas regarding the business transaction made the basis of the captioned case.

Hoagland's pleading contains the following jurisdictional allegations[2]:

Each of the Defendants made written and oral misrepresentations of material fact to the Plaintiff (while Plaintiff was physically located in Harris County, Texas) via email and telephone conversations and in-person meetings during calendar years 2009 and 2010, with the intention that Plaintiff would rely upon such misrepresentations and take action or refrain from taking certain actions within Harris County, Texas. Furthermore, Defendants Bill Butcher and Kari Butcher made trips to Houston, Texas, as part of their effort to mislead Plaintiff, and attended meetings with Plaintiff during which fraudulent misrepresentations were made by each of the Defendants to the Plaintiff.

The plurality opinion recites other statements from Hoagland's pleading,[3] but these

---

[1] Unlike Hoagland, appellees argued at the trial court and in their brief on appeal that Hoagland's jurisdictional allegations are conclusory.

[2] Hoagland made other jurisdictional allegations that the plurality correctly has discounted in its opinion.

[3] The plurality opinion also contends that these are jurisdictional facts: "Hoagland also alleged that appellees each (1) 'misrepresented their abilities and financial condition such that it was believed they would bring enormous skill, expertise, and personal and donated monies to the [FairTax Campaign] effort' and (2) fraudulently induced Hoagland into signing the Operating Agreement. Hoagland further alleged that Bill convinced Hoagland to take a $3,000 monthly fee in lieu of the fee to which he was entitled under the Operating Agreement based on Bill's

2

were not listed as jurisdictional facts, nor does the pleading state that these representations were made at the "in-person" meetings in Houston. Hoagland did not even allege that the phone calls to Hoagland were made while he was in Houston.[4] In short, the jurisdictional allegations are generic, and the generic rebuttal by the Butchers should be sufficient to negate the allegations and require Hoagland to prove his jurisdictional facts.

The Butchers' affidavits acknowledged that they traveled to Texas on business related to AFFT, but denied that the Texas visits related to any personal transaction with Hoagland. Bill Butcher stated the following:

> I am a resident of California. At no material time have I been a resident of Texas. I do not maintain a place of business in Texas. I have traveled to Texas on business related to Americans For Fair Taxation (AFFT), an organization which is not a party to this lawsuit. Over the period of approximately one year I made several trips to Texas in my capacity as President and CEO of Corporate Partner in Butcher and Butcher, a California General Partnership of Corporations. Butcher and Butcher does not maintain a place of business in Texas. Butcher and Butcher does not otherwise transact business in Texas. Butcher and Butcher never made any representations to Plaintiff, in Texas, regarding the business transaction made the basis of the captioned case. Butcher and Butcher did not enter into any contracts with Plaintiff regarding the transactions made the basis of the captioned case in Texas. It never made any payments to Plaintiff in Texas regarding the transaction made the basis of the captioned case. It never engaged in any business activities with Plaintiff, in Texas, regarding the transactions made the basis of Plaintiff's case.

Kari Butcher made the following statements:

---

representation that Hoagland would financially benefit more from taking the monthly fee than from taking the fee outlined in the Operating Agreement." Plurality Opinion at 7–8.

[4] In the age of cell phones, a phone call can be placed anywhere and answered anywhere.

3

I am a resident of California. At the present time, I am temporarily in the State of New York, but I have not yet become a resident of New York, although I intend to change my residence to New York in 2011. At no material time have I been a resident of Texas. I do not maintain a place of business in Texas. I have traveled to Texas on business related to Americans for Fair Taxation (AFFT), an organization which is not a party to this lawsuit. Over the period of approximately one year I made several trips to Texas in my capacity as President and CEO of Corporate Partner in Butcher and Butcher, a California General Partnership of Corporations. I do not otherwise transact business in Texas. I am familiar with the business transactions regarding OCTV Partners, LLC, that are the basis of Plaintiff's cause of action. I have never travelled to Texas to confer with Plaintiff with respect to OCTV Partners, LLC. I have never made any representations to Plaintiff, in Texas, regarding the business transaction made the basis of the captioned case. I did not sign any contracts with Plaintiff regarding the transactions made the basis of the captioned case in Texas. I have never made any payments to Plaintiff in Texas regarding the transaction made the basis of the captioned case. I have never engaged in any business activities with Plaintiff, in Texas, regarding the transactions made the basis of Plaintiff's case.

I disagree with the plurality that these affidavits are conclusory. Both affidavits acknowledged the visits to Texas, but contended that the Texas visits were related to AFFT business and not to the personal complaints that Hoagland is making. I would hold that the Butchers' affidavits shifted the burden to Hoagland to prove his jurisdictional facts. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).

Third, I disagree with the plurality's analysis of the OCTV affidavit. The plurality also concludes that OCTV failed to rebut Hoagland's allegations because Marc Kassoff's affidavit stated that he was not a manager or officer of OCTV when Hoagland entered into the contract with OCTV—an allegation that Kassoff lacked personal knowledge. This is a defect in the form of the affidavit. Hoagland

4

should have objected to the affidavit in the trial court. Because he did not, Hoagland waived this issue on appeal. *Grupo TMM, S.A.B. v. Perez*, 327 S.W.3d 357, 361 (Tex. App.—Houston [14th Dist.] 2010, pet. denied]; *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (explaining that objections to form, such as hearsay, speculation, competence, are waived by a failure to object). Of course, as noted above, Hoagland did not raise this issue, either at the trial court or on appeal; only the plurality has. The plurality then holds that Kassoff did not provide the underlying facts to support his conclusions—but Kassoff did not make conclusions. He stated facts—"OCTV's communications with Hoagland all took place in California or on the telephone." This is sufficient to rebut Hoagland's jurisdictional allegations.

The affidavits of the Butchers and of Kassoff are sufficient to shift the burden to Hoagland to prove his jurisdictional facts. We then should have reviewed all of the jurisdictional facts, and since the trial judge did not issue findings of fact, we should have presumed the trial court resolved all factual disputes in favor of its judgment. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002); *Meader v. IRA Res., Inc.*, 178 S.W.3d 338, 343 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Because the plurality did not do so, I respectfully dissent.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Frost, Christopher, and Jamison. (Jamison, J., plurality) (Frost, J., concurring).

5